UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAR TAUF SHAKANASA,<br><br>Plaintiff,<br><br>v.<br><br>C. CONTRERAS,<br><br>Defendant. | Case No. 21-cv-05635-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his religious rights were violated, and he was subject to retaliation. Section 3 of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000cc-1(a).  The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance."  42 U.S.C. § 2000cc-1(b)(1).  RLUIPA also includes an express private cause of action that is taken from RFRA: "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."  42 U.S.C. § 2000cc-2(a); cf. § 2000bb-1(c).  For purposes of this provision, "government" includes states, counties, municipalities, their instrumentalities and officers, and "any other person acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A).  RLUIPA does not authorize money damages against state officials, whether sued in their official or individual capacities.  *See Jones v.*

2

1  *Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

2        To establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id*. at 884-85. Rather, the test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines the Free Exercise Clause inquiry. *Id*. (finding district court impermissibly focused on whether consuming halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

      "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

      "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

3

direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff says that he is a practitioner of the Black African religious faith of Shetaut Neter. He has participated in a religious diet program for suitable meals. He alleges that, on September 17, 2020, defendant Contreras discarded plaintiff's religious diet tray as retaliation because plaintiff did not have his light on during a prisoner count, and that Contreras made a derogatory comment in Spanish. Plaintiff also alleges that Contreras issued a disciplinary report due to plaintiff keeping his light off during the prison count. Plaintiff contends that these actions were retaliatory and based on his race and creed.

The original complaint contained the same allegations about the incident in September 2020, and was dismissed with leave to amend because that was not enough to plead a plausible RLUIPA claim. The amended essentially just repeats the original complaint.

Several factors weigh against the amended complaint. To start, plaintiff seeks money damages for this incident but such damages are not permitted under the RLUIPA. *See Jones*, 791 F.3d at 1031. In addition, to plausibly allege a free exercise violation, plaintiff must show that the denial of the food tray burdened his ability to practice his religion, and causation in that defendant discarded the tray due to plaintiff's religious beliefs. Here, the factual allegations relate much more to Contreras's frustration that plaintiff's cell light was off than to any religious or racial animus. Furthermore, the amended complaint identifies only a single incident, but a substantial burden on the practice of an individual's religion requires more than an isolated incident or short-term occurrence. *See Canell v. Lightner*, 143 F.3d 1214, 1215 (9th Cir.1998) (correctional officer's "short-term and sporadic" interference with inmate's prayer activities did not constitute

4

substantial burden on free exercise of religion); *Brown v. Washington*, 752 F. App'x 402, 405 (9th Cir. 2018) ("a one-time set of circumstances amounting to no more than an unintentional interference" with the plaintiff's ability to exercise his religious beliefs was an "isolated incident" and "not enough to constitute a substantial burden of plaintiff's religious beliefs").

With respect to the Equal Protection claim, plaintiff has not shown that other similarly situated inmates were treated differently. And even if defendant had called plaintiff a derogatory name, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

## CONCLUSION

Plaintiff was already provided leave to amend in response to the prior dismissal. In light of the infirmities in the amended complaint, the Court declines to allow another round of pleadings. Consequently, the case is dismissed without leave to amend with prejudice. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: October 12, 2021

JAMES DONATO
United States District Judge